ACCEPTED
01-12-001167-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/13/2015 4:37:16 PM
CHRISTOPHER PRINI
CLERK

# No. 01-12-01167-CV

In the Court of Appeals for the
First District of Texas at Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/13/2015 4:37:16 PM

CHRISTOPHER A. PRINE
Clerk

THE BOARD OF TRUSTEES OF THE HOUSTON
FIREFIGHTERS' RELIEF AND RETIREMENT FUND,

*Appellant*

V.

THE CITY OF HOUSTON, TEXAS,

*Appellee*

On Appeal from the 189th Judicial District Court
Harris County, Texas
Trial Court Case No. 2012-28760

**Appellee's Notification of Facts Relevant to
Consideration of the Motion for Rehearing**

To the Honorable First Court of Appeals:

The City wants to apprise the Court of the following events and would respectfully show as follows:

1. The City has contemporaneously filed its motion for rehearing due on March 13, 2015.

2. On March 6, 2015, Mayor Annise Parker and Mr. Todd Clark, chairman of the board of the Houston Firefighters' Relief and Retirement Fund, signed an agreement that, if approved by the legislature, makes changes

to the City's and firefighters' contribution rates into the firefighters' pension fund for the City fiscal years 2016 through 2018.

3. On March 9, 2015, Rep. Sylvester Turner introduced a bill at the legislature, H.B. 2572, to modify the statute per the agreement.

4. As part of the agreement, if the bill becomes law, the City must dismiss this suit the following day. (Ex. A – Agreement, ¶ 4).

5. The regular term of the 84th Legislature ends on June 1, 2015, and the Governor then has until June 21, 2015, to sign or veto any bill.

6. At this point, neither party knows whether H.B. 2572 will become law, but the parties and the Court should know that fact on or before June 21, 2015.

7. Appellee has notified the Court of these facts in case these facts affect the Court's timetable for consideration of the motion for rehearing.

Respectfully submitted,

DONNA L. EDMUNDSON
City Attorney
JUDITH L. RAMSEY
Chief, General Litigation Section

By: /s/ Judith L. Ramsey
Judith L. Ramsey
Chief, General Litigation Section
State Bar No. 16519550
John B. Wallace
Senior Assistant City Attorney
State Bar No. 20769750
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002

Telephone: 832.393.6454
Facsimile:  832.393.6259
judith.ramsey@houstontx.gov
john.wallace@houstontx.gov

*Attorneys for Appellee the City of Houston*

## Certificate of Service

I hereby certify that on March 13, 2015, the foregoing was e-served on the following counsel of record:

William A. Worthington
Jack G. Carnegie
STRASBURGER PRICE, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010
william.worthington@strasburger.com
jack.carnegie@strasburger.com

*Attorneys for Appellant*

<span style="margin-left:50%;">*/s/ Judith L. Ramsey*</span>
<span style="margin-left:50%;">Judith L. Ramsey</span>

Exhibit A

# AGREEMENT REGARDING LITIGATION
AND TO MUTUALLY SUPPORT LEGISLATION

THIS Agreement Regarding Litigation and to Mutually Support Legislation (the "Agreement") is executed and entered into as of the 6th day of March, 2015, by and between Annise D. Parker, the Mayor of the City of Houston, Texas (the "Mayor" or the "City"), acting on behalf of her Administration and the Houston Firefighters' Relief and Retirement Fund ("HFRRF"). In sections 3 through 5 of this Agreement, wherever the text refers to an obligation or action of the "City", such obligation or action shall mean one which the Mayor can accomplish through her own administrative or mayoral powers.

**WHEREAS**, HFRRF has presented City with a proposal favorable to general fund balances during fiscal years 2016, 2017 and 2018 while maintaining firefighter benefits; and

**WHEREAS**, HFRRF and Mayor desire to avoid the considerable expense of anticipated and threatened litigation over a potential ordinance plan for new firefighters;

**NOW THEREFORE**, for good and valuable consideration and in exchange for the covenants contained herein and intending to be bound thereby, Mayor and HFRRF do hereby stipulate, covenant, and agree as follows:

1. HFRRF will be responsible for securing a sponsor for a new bill in the regular session of the 84th Texas State Legislature modifying article 6243.2(1) to effectuate the following amendments to such article:

    (a) temporarily increase member contributions to the pension plan from 9% to 12% of the member's salary for HFRRF fiscal years 2016, 2017 and 2018 only, and immediately return to member contributions of 9% of salary thereafter.

    (b) temporarily set the City contribution rates to HFRRF as a percentage of total firefighter payroll for City and HFRRF fiscal years 2016, 2017 and 2018 as follows and immediate return to the pre-existing statutory contribution formula thereafter:

    Fiscal Year 2016 City contribution as a percentage of firefighter payroll:   25.8%

    Fiscal Year 2017 City contribution as a percentage of firefighter payroll:   24.0%

    Fiscal Year 2018 City contribution as a percentage of firefighter payroll:   24.0%

(c) At the end of fiscal year 2018, the provisions of the statute that effectuate the contribution rates for fiscal years 2016, 2017 and 2018 as described in Agreement subsections 1(a) and (b), above, shall expire.

2. The same bill as is referenced in section 1, above, of this Agreement shall provide that amounts of unused leave pay at separation from City employment (i.e., so-called 'mustering-out' pay) of DROP participants constitute an employee contribution that the City shall pay in its entirety (as to each such DROP participant identified to the City) to the Fund, on behalf of each such DROP participant, as a "picked-up" (pursuant to Internal Revenue Code section 414(h)) pre-tax contribution, to be credited to the DROP participant's DROP account upon separation.

3. Through December 31, 2015, City agrees not to place upon a City Council agenda for consideration, propose, create or adopt a new or different pension plan, in addition to or in place of the current statutory plan, by ordinance or other means, for any City firefighters, newly hired or otherwise. If, however, the bill described in section 1 of this Agreement does not become a law, then as of June 22, 2015, City shall be relieved of its obligations under this section of this Agreement.

4. If the Texas Legislature adopts and passes a bill amending article 6243e.2(1) as provided in section 1 of this Agreement, above, and that bill becomes a law, then on the next business day after the bill becomes a law, the City will move to dismiss with prejudice each of the following cases relating to the Fund regardless of which court (district court, court of appeals, or Supreme Court) is hearing the case, the case's procedural stance, or any court decisions issued before the date that the City must move to dismiss the cases; and the City further agrees not to bring any lawsuit based on the same or similar allegations as appear in such cases based in whole or in part on events that occurred prior to the date of this Agreement:
    (a) *The Board of Trustees of the Houston Firefighters' Relief and Retirement Fund v. The City of Houston, Texas*, No. 01-12-01167-CV, 2015 Tex. App. LEXIS 697 (Tex. App.—Houston 1st Dist. Jan 27, 2015), and
    (b) *City of Houston v. Houston Firefighters' Relief and Retirement Fund*, No. 14-14-00437-CV (Tex. App.—Houston 14th Dist.).

5. Through December 31, 2015, City agrees to oppose in each and every relevant forum and to each and every official, any bill or form of proposed legislation in the Texas Legislature, other than is addressed in this Agreement, that might have any effect on the provisions or operation of Texas Civil Statutes article 6243e.2(1), including any changes to the Texas Constitution, Codes and statutes, except for such changes that are agreed to by HFRRF in a written communication by the HFRRF Board to the Mayor of the City of Houston. Through December 31, 2015, HFRRF will similarly oppose any bill in the Texas Legislature, other than is addressed in this Agreement, which would produce a material actuarial cost to the HFRRF pension plan.

6. Each signatory below is fully authorized to execute this agreement on behalf of the party to this Agreement shown above such signature.

7. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

8. The parties may not amend this Agreement, except by written agreement of the parties.

9. No failure or delay in exercising any right or remedy under this Agreement operates as a waiver or estoppel of any right, remedy or condition.

     **IN WITNESS WHEREOF**, the parties hereunto executed this Agreement as of the day and year first above written.

HOUSTON FIREFIGHTERS' RELIEF AND RETIREMENT FUND

By (signature): _____
Chairman of the Board

MAYOR OF THE CITY OF HOUSTON

By (signature): _____
Mayor